The following constitutes
the order of the court. Signed October 8, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                    Case No. 13-41941 MEH

LAURIE MYERS,                                            Chapter 13

                        Debtor/

MEMORANDUM ON MOTION FOR REVIEW OF FEES

     The Chapter 13 Trustee, Martha Bronitsky (the "Trustee") filed a motion seeking review of fees paid by Debtor to her former counsel pursuant to 11 U.S.C. § 329. Debtor's former counsel, the Law Offices of Peter L. Kutrubes ("Kutrubes"), opposed the motion.

     On May 31, 2011, Debtor entered into a retainer agreement ("Agreement") with Kutrubes for Kutrubes to represent her in litigation arising out of Debtor's primary residence mortgage and Debtor's dispute with lending parties and their assignees. The Agreement required Debtor to pay $1,500 upon execution of the Agreement and $1,000 per month until the services of Kutrubes were completed or terminated. Debtor paid a total of $24,500 pursuant to the Agreement. Kutrubes filed suit in state court against Debtor's former mortgage lender. Following foreclosure of Debtor's home, the subject of the state court litigation, Kutrubes represented Debtor in an unlawful detainer proceeding.

1

Kutrubes also filed three bankruptcy cases on Debtor's behalf. Kutrubes asserts that it did not charge Debtor for any time spent on Debtor's bankruptcy cases, and therefore, the fees charged are not subject to review.

Section 329(a) of the Bankruptcy Code requires counsel representing a debtor to disclose compensation paid within one year before the filing of a case, for services "in contemplation of or in connection with the case by such attorney." The Supreme Court found this allows a court to examine compensation paid by a debtor to an attorney if the services were at a time the debtor was contemplating bankruptcy—without regard to the nature of the legal services provided. *Conrad, Rubin & Lesser v. Pender*, 239 U.S. 472, 476 (1933). Where counsel does not satisfy the disclosure requirements, the court has authority under 11 U.S.C. § 329(b) to require counsel to disgorge fees to the Debtor or the estate as appropriate. *American Law Center v. Stanley* (*In re Jastrem*), 253 F.3d 438, 443 (9th Cir. 2001).

Debtor filed this Chapter 13 case on April 1, 2013. Counsel filed a Rule 2016(b) statement that no fees were charged to Debtor. In Debtor's Statement of Financial Affairs—prepared with the assistance of Kutrubes--no reference is made to the on-going payments to Kutrubes in response to questions 3(a) – Payments made on installment purchase of services or 9 – Payments related to debt counseling or bankruptcy. Further, the schedules—also prepared with the assistance of Kutrubes—do not disclose the Agreement in Schedule G or the on-going monthly payment in Schedule J. Simply put, there were five opportunities to advise the court of the fees received from Debtor in this case alone.

The court also took notice of the pleadings filed in Debtor's two prior bankruptcies. Both cases were filed with Kutrubes as case. In the first case, a Chapter 7 commenced June 29, 2012, Kutrubes also stated no fees were charged and Debtor's schedules and statement of financial affairs do not reference on-going payments to Kutrubes or the Agreement. The second case was a skeleton filing that was dismissed for failure to file required documents.

Kutrubes' opposition attaches counsel's time records for this matter from May 31, 2011. The records reflect that during the three periods in which Debtor had an active bankruptcy case pending, Kutrubes' received $6,000 from the Debtor. During these periods, Kutrubes performed work for Debtor related to the

2

bankruptcy. For instance, while Debtor's first bankruptcy was pending Kutrubes performed at least 14 hours of work specifically related to the bankruptcy.

Kutrubes failed to satisfy the disclosure requirements of § 329(a) in Debtor's three cases. Each case involved Debtor, Kutrubes and failure to disclose the payments pursuant to the Agreement. The court finds it would elevate form over function to require the prior cases to be reopened to provide for disgorgement of fees in each. Accordingly, contemporaneous with this decision, the court is issuing an order requiring Kutrubes to disgorge $6,000 to Debtor, the amount paid by Debtor during the bankruptcy cases, based on its failure to satisfy § 329(a)'s requirements.

*** END OF MEMORANDUM ***

1　　　　　　　　　　　　　　　　COURT SERVICE LIST

2

3　Laurie Myers
　2501 Jerilynn Drive
　Concord, CA 94519
4

5　Peter L Kutrubes Atty
　1415 Oakland Blvd #102
　Walnut Creek, CA 94596
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4